UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
AT LONDON

PHILLIP TERRY DELANEY,

    Petitioner,

v.

J. C. HOLLAND, Warden,

    Respondent.

Civil No. 6:15-025-KKC

**MEMORANDUM OPINION
AND ORDER**

\*\*\*\* \*\*\*\* \*\*\*\* \*\*\*\*

Phillip Terry Delaney is a federal inmate confined in the United States Penitentiary-McCreary ("USP-McCreary") located in Pine Knot, Kentucky. Proceeding *pro se*, Delaney has filed a petition for writ of habeas corpus pursuant to 28 U. S. C. § 2241, challenging his conviction on the firearms offenses for which he was convicted in the Southern District of West Virginia, claiming that he is "actually innocent" of these offenses. [R. 1]. Delaney requests the dismissal of that indictment.

The Court conducts an initial review of habeas petitions. 28 U.S.C. § 2243; *Alexander v. N. Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). It must deny a petition "if it plainly appears from the [filing] and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions under Rule 1(b)). The Court evaluates Delaney's petition under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage, the Court accepts Delaney's factual allegations as true, and

1

construes all legal claims in his favor. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

Even liberally construing Delaney's claim, this Court cannot grant him the relief he seeks, *i.e.*, the dismissal of the indictment. The Court will therefore deny Delaney's § 2241 petition and dismiss this proceeding.

I.

On February 22, 2006, Delaney was charged in a two-count indictment with escape from a community correctional facility, in violation of 18 U.S.C. § 751(a), with possession of various firearms, and with being a felon in possession of a firearm, all in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). *See United States v. Phillip Terry Delaney,* No. 2:06-cr-039 (S.D. West Va. 2006) [R. 13 therein].

On May 5, 2006, Delaney pled guilty to the escape charge contained in Count One of the indictment [*Id.*, at R. 89; R. 92 therein], but he proceeded to trial on the remaining charges.[1] On May 12, 2006, the jury found him guilty of the remaining charges, the firearms offenses. [*Id.*, at R. 109 therein]. Delaney was sentenced on July 25, 2006, and received a 5-year sentence on Count One, and a consecutive 10-year sentence on Count Two, for a total sentence of 15 years, to be followed by a 3-year term of supervised release. [*Id.*, at R. 122 therein].

Delaney appealed his conviction and sentence for being a felon in possession of a firearm, a violation of 18 U.S.C. § 922(g) (1), as charged in Count Two of the original indictment. On January 25, 2007, the Fourth Circuit Court of Appeals affirmed his conviction and sentence. *United States v. Phillip Terry Delaney,* 214 F. App'x 356, 2007 WL

---

[1] A redacted version of the indictment was presented to the jury setting forth Count 2 as a one-count indictment. The redacted indictment was filed by order entered on May 16, 2006. [*Id.*, at R. 114 therein].

2

186790 (4th Cir. W. Va. January 25, 2007) (unpublished). The United States Supreme Court denied Delaney's petition for a writ of certiorari. *See Phillip Terry Delaney v. United States,* No. 06-10772 (U.S. October 10, 2007).

Delaney did not file a motion in the trial court to set aside, vacate, or correct his sentence under 28 U.S.C. § 2255. He asserts that he is entitled to pursue his claim for relief via a § 2241 habeas petition because the statute of limitations for filing a § 2255 motion has expired.

## II.

In the present § 2241 habeas petition, Davis challenges the validity of his conviction on Count 2 of the indictment and his sentence, claiming that he is entitled to relief for the following reasons: (1) he is "actually innocent" of being a felon in possession of a firearm, as charged in Count 2; (2) he was denied due process in numerous respects; (3) he was discriminated against and denied equal protection in numerous respects; (4) he was denied his Sixth Amendment right to a trial by jury on all offenses, and his sentence was erroneously enhanced on the basis of untried charges; (5) he was denied his Fifth Amendment right to be indicted by a grand jury on all offenses alleged; (6) his conviction resulted from an illegal search and seizure, in violation of the Fourth Amendment; (7) his counsel was ineffective in numerous respects, in violation of the Sixth Amendment; (8) his conviction resulted from prosecutorial misconduct; and (9) the trial court erroneously enhanced his sentence for obstruction of justice and for transporting firearms.

### III.

As a general rule, 28 U.S.C. § 2255 provides the correct avenue to challenge a federal conviction or sentence, whereas a federal prisoner may file a § 2241 petition if he is challenging the execution of his sentence (*i.e.*, the Bureau of Prisons' calculation of sentence credits or other issues affecting the length of his sentence). *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001); *see also Charles v. Chandler*, 180 F.3d 753, 755–56 (6th Cir. 1999). The Sixth Circuit has explained the difference between the two statutes as follows:

> [C]ourts have uniformly held that claims asserted by federal prisoners that seek to challenge their convictions or imposition of their sentence shall be filed in the [jurisdiction of the] sentencing court under 28 U.S.C. § 2255, and that claims seeking to challenge the execution or manner in which the sentence is served shall be filed in the court having jurisdiction over the prisoner's custodian under 28 U.S.C. § 2241.

*Terrell v. United States*, 564 F.3d 442, 447 (6th Cir.2009) (internal quotation marks omitted). In short, 28 U.S.C. § 2255 provides the primary avenue for federal prisoners seeking relief from an unlawful conviction or sentence, not § 2241. *See Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 2003).

The "savings clause" in § 2255(e) provides a narrow exception to this rule. Under this provision, a prisoner is permitted to challenge the legality of his conviction through a § 2241 petition if his remedy under § 2255 "is inadequate or ineffective" to test the legality of his detention. 28 U.S.C. § 2255(e). This exception does not apply if a prisoner fails to seize an earlier opportunity to correct a fundamental defect in his or her conviction under pre-existing law, or actually asserted a claim in a prior post-conviction motion under § 2255 but was denied relief. *Charles*, 180 F.3d at 756. A prisoner proceeding under § 2241 can implicate the savings clause of § 2255 if he alleges "actual innocence." *Bannerman v. Snyder*, 325 F.3d 722, 724 (6th Cir. 2003). However, a defendant may only pursue a claim

of actual innocence under § 2241 when that claim is "based upon a new rule of law made retroactive by a Supreme Court case." *Townsend v. Davis*, 83 F. App'x 728, 729 (6th Cir. 2003). "It is the petitioner's burden to establish that his remedy under § 2255 is inadequate or ineffective." *Charles*, 180 F.3d at 756.

To reiterate, Delaney claims that he is "actually innocent" of the firearms charged against him in Count 2, and he contends that he may seek relief through a § 2241 habeas petition because his remedy via the filing of a motion pursuant to 28 U.S.C. § 2255 is inadequate or ineffective as it is time-barred and no longer a viable option.

A.  **Actual innocence**

Subsequent to Delaney's failure to return to the half-way house in Charleston, West Virginia, and his being placed on escape status, he was apprehended in Huntington, West Virginia, by a team of federal marshals at the residence of his nephew, Jermaine Johnson. A protective search of the house conducted during Delaney's apprehension uncovered four firearms. *United States v. Phillip Terry Delaney,* 214 F. App'x at 358. The arresting officer, Marshal Seckman, inquired as to who owned the firearms and informed Delaney that someone had to take responsibility for the firearms. *Id.* Delaney states that although the firearms were Johnson's firearms, he took responsibility for the firearms and told Marshal Seckman that the firearms were his so as to avoid Johnson, who was also a convicted felon, being faced with a felon-in-possession charge. Delaney explains that he acknowledged ownership of the firearms solely to protect Johnson from a felon-in-possession charge. Delaney states that since he was at Johnson's residence, he had jeopardized Johnson's liberty and placed Johnson at risk for a felon-in-possession charge; therefore, he lied to Marshal Seckman to protect Johnson.

6

Apparently, in the interim between Delaney being indicted on the firearms offenses and his jury trial, he passed a polygraph examination regarding the ownership of the firearms found at Johnson's residence, and he sought the admission of the results of this polygraph examination in his defense at trial. He also moved to exclude his confession to Marshal Seckman that he owned the firearms. The trial court denied both motions. The Fourth Circuit affirmed the district court's decision not to admit the polygraph examination results, based on the Fourth Circuit's per *se* rule against polygraph evidence. *United States v. Prince-Oyibo*, 320 F. 3d 494, 501 (4th Cir. 2003). The Fourth Circuit also affirmed the denial of Delaney's motion to exclude his confession, pointing out that since Delaney did not contest that his confession was completely voluntary, he had no grounds to appeal the trial court's decision to deny the motion to exclude that confession. *United States v. Phillip Terry Delaney,* 214 F. App'x at 358.

The Court is unpersuaded that Delaney is authorized to proceed with this § 2241 petition based on his "actual innocence" claim as to the firearms. At trial, Delaney's defense was that he was just covering for his nephew when he told the arresting officer that the firearms were his. The jury found no merit to Delaney's defense. Neither does this Court.[2]

Further, even if Delaney had a solid factual foundation on which to base his "actual innocence" claim, his legal foundation is lacking. To reiterate, a defendant may only pursue a claim of actual innocence under § 2241 when that claim is "based upon a new rule of law made retroactive by a Supreme Court case." *Townsend v. Davis*, 83 F. App'x 728, 729 (6th

---

[2]However, assuming *arguendo* that Delaney really was covering for his nephew and that the firearms were not his, then Delaney would be guilty of making a false statement to a federal official and/or the obstruction of justice. Delaney was not charged with either of these offenses by reason of his statement to the arresting officer that he was the owner of the firearms. Clearly, Delaney is guilty of either being a felon-in-possession of firearms or of making a false statement to a federal official and/or the obstruction of justice. For these reasons, his "actual innocence" claim does not hold water.

Cir. 2003). Delaney has pointed to no such new rule of law made retroactive by the U.S. Supreme Court in support of his "actual innocence" claim. Thus, Delaney also has no legal foundation on which to base this claim.

**B.      Inadequacy or ineffectiveness of relief through a § 2255 motion**

As previously stated, 28 U.S.C. § 2255 provides the primary avenue for federal prisoners seeking relief from an unlawful conviction or sentence, not § 2241. But, the "savings clause" in § 2255(e) provides a narrow exception to this rule. Under this provision, a prisoner is permitted to challenge the legality of his conviction through a § 2241 petition if his remedy under § 2255 "is inadequate or ineffective" to test the legality of his detention. 28 U.S.C. § 2255(e). This exception does not apply if a prisoner fails to seize an earlier opportunity to correct a fundamental defect in his or her conviction under pre-existing law, or actually asserted a claim in a prior post-conviction motion under § 2255 but was denied relief. *Charles*, 180 F.3d at 756. "It is the petitioner's burden to establish that his remedy under § 2255 is inadequate or ineffective." *Charles*, 180 F.3d at 756.

Following the conclusion of his direct appeal and the finality of his conviction on the firearms charges, Delaney did not collaterally attack his conviction for the firearms conviction by filing a motion in the trial court pursuant to 28 U.S.C. § 2255. Because he failed to seize an earlier opportunity to correct a fundamental defect in his conviction under 28 U.S.C. § 2255, he is not permitted to challenge the legality of his conviction through a § 2241 petition, as he is unable to establish that his remedy under § 2255 is inadequate or ineffective. *Charles*, 180 F.3d at 756.

Because Delaney has failed to demonstrate that he is entitled to proceed under § 2241, the Court will dismiss his petition.

## IV.

For the reasons discussed above, it is hereby **ORDERED** that:

1. Petitioner Phillip Terry Delaney's 28 U.S.C. § 2241 petition for a writ of habeas corpus [R. 1] is **DENIED**.

2. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

3. Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the named Respondent.

Dated July 14, 2015.

*Karen K. Caldwell*
KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY